IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDONIO COSTA, | No. CR 12-3314 SI |
| Plaintiff, | **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS; SETTING SUPPLEMENTAL MOTION SCHEDULE AND CONTINUING DATE OF INITIAL CASE MANAGEMENT CONFERENCE** |
| v. | |
| TRAVELERS COMMERCIAL INSURANCE COMPANY, and DOES 1 through 10, inclusive, | |
| Defendant. | |

Before the Court is the motion by defendant Travelers Commercial Insurance Company ("Travelers") for judgment on the pleadings. A hearing was held on the motion on August 24, 2012. For the reasons set forth below, the Court DENIES Travelers' motion. The Court sets a schedule for supplemental motion briefing below and CONTINUES the September 28, 2012 Case Management Conference to Friday, October 12, 2012 at 3:00 p.m.

**BACKGROUND**

This is an insurance coverage dispute. On May 9, 2012, plaintiff Sidonio Costa filed a complaint in Alameda Superior Court seeking a declaration that defendant Travelers owed a duty to defend and indemnify him in an underlying lawsuit in which he is a defendant, *Hernandez v. Costa*, Case No. RG10492794 (the "*Hernandez* Action"). Compl. ¶¶ 22. Costa also claims that Travelers breached the implied covenant of good faith and fair dealing in refusing coverage. Compl. ¶ 30. On June 27, 2012, Travelers removed the complaint to this Court on grounds of diversity jurisdiction.

The complaint alleges the following: Travelers issued a homeowners insurance policy (the

"Policy") to Gualter and Maria Garcia on July 24, 2009. *Id.* ¶ 4. On September 19, 2009, while the Policy was in effect, Costa was permissively operating a jet ski owned by Maria Garcia, one of the insureds. *Id.* ¶ 8. While operating the jet ski in the Woodword Reservoir in Stanslaus County, Costa collided with Jaime Hernandez, who was riding on an inner tube. *Id.* ¶ 8. Hernandez sustained personal injuries from the collision. *Id.* ¶ 11.

Hernandez brought suit against both Costa and Maria Garcia. *Id.* ¶ 11. According to the complaint, and undisputed by Travelers, Costa was a "policy definition insured" under the Policy, which is attached to the complaint. *Id.* Travelers accepted defense of its named insured, Maria Garcia, and paid $401,000 to settle Hernandez' lawsuit against her. *Id.* ¶ 14. However, Travelers disclaimed coverage of Costa. *Id.* ¶ 17. The complaint alleges that Travelers "characterized the Garcia settlement as a 'business' decision in an after the fact attempt to avoid acknowledging the existence of coverage under its policy for the claims asserted in the *Hernandez* lawsuit." *Id.* ¶ 17. Costa therefore brought this action seeking a declaration that coverage is owed to him.

On July 11, 2012, Travelers brought the instant motion for judgment on the pleadings. Travelers does not argue that Costa was not considered a "policy definition insured" under the Policy; rather, it argues that the policy excludes coverage for incidents arising out of use of a jet ski owned by the named insured. Def.'s Mot. for Judg. on the Pleadings ("Def.'s Mot.") at 2. Specifically, Travelers points to the "Watercraft Liability" exclusion set forth in Section II.B.2, which excludes coverage (in relevant part) for:

> 2. "Watercraft liability" unless, at the time of an "occurrence", the involved watercraft:
> . . .
> c. is not a sailing vessel and is powered by:
> (1) An inboard or inboard-outdrive engine or motor, including those that power a water jet pump, of:
> (a) 50 horsepower or less and not owned by an insured; or
> (b) More than 50 horsepower and not owned by or rented to an "insured"; or
> (2) One or more outboard engines or motors with:

2

>   (a) 50 total horsepower or less;[1] or
>   (b) More than 50 horsepower if the outboard engine or motor is not owned by an "insured";
>   ...

The Policy, Section II.B.2. In other words, the policy covers use of watercraft that are powered by an inboard or inboard-outdrive engine or motor and *not* owned by the insured, and covers use of watercraft with an outboard engine with 50 horsepower or less even if owned by the insured. The policy does not cover a watercraft with an inboard engine that *is* owned by the insured. The complaint states that the jet ski was owned by the Maria Garcia, one of the named insureds. Travelers argues that because jet skis have inboard engines, and because the jet ski was owned by an insured, the policy excludes coverage for the collision with Hernandez.

In opposition, Costa argues that Travelers "has not submitted any evidence with its motion that would establish that the involved vessel had an inboard motor," and therefore, the motion must be denied. Pl.'s Opp. at 5. Costa also argues that the fact Travelers paid substantial money to settle Hernandez' claim against its other insured evinces that the Policy covered the collision. *Id.* at 6. On July 27, 2012, Travelers filed a reply.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The legal standard for Rule 12(c) is virtually identical to the standard for a motion to dismiss under Rule 12(b)(6). *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). For a motion under either rule, the question presented is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are

---

[1] The actual policy language under Section II.B.2(a) provides coverage for watercraft with outboard engines with 25, rather than 50, horsepower or less; however, an endorsement attached to the policy raises the listed horsepower to 50. The difference is not relevant to this motion.

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Proc. 12(d).

**DISCUSSION**

This motion involves a single question: did Garcia's jet ski have an inboard or outboard motor? If it had an inboard motor, there is no coverage; if it had an outboard motor, there may be coverage depending on its horsepower. *See* Policy, Section II.B.2. The question is a factual one. It is well established that questions of fact cannot be resolved at this stage. *See General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) ("Judgment on the pleadings is proper when there are no issues of material fact."). "All allegations of fact by the party opposing the motion are accepted as true, and construed in the light most favorable to that party." *Id.* at 230. Plaintiff contends that the exclusion does not apply, and that "Travelers [] has not submitted any evidence with its motion that would establish that the involved vessel had an inboard motor." Pl.'s Opp. at 5. At this stage, the Court must construe the pleadings in the light most favorable to the plaintiff and deny the motion as a matter of law.[2]

Travelers argues that plaintiff's argument is "ludicrous on its face" because "anybody with eyes knows that jet skis don't have outboard motors." Def.'s Reply at 1. Travelers requests that the Court take judicial notice of the fact that jet skis are powered by inboard motors. *Id.* Courts may take judicial notice of facts that are "common knowledge." *See Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003) (Jenkins, J.) (taking judicial notice of the fact that "refrigerated goods are generally perishable" because that fact is "well known in the community"); *Ward v. Walsh*, 1 F.3d 873, 878 (9th Cir. 1993) (taking judicial notice of the fact that "often the keenest disputes and the most lively intolerance exists among persons of the same general religious belief, who, however, are in disagreement as to what that faith requires in particular matters."). However, the Court does not believe that it is common knowledge that jet skis are powered by inboard motors, because the terms "inboard

---

[2]The Court notes that the fact that Travelers settled the claim against Garcia does not bear on the coverage question, because "insurance companies often adjust claims for reasons entirely unrelated to their merits." *State Farm Fire & Cas. Co. v. Superior Court*, 206 Cal. App. 3d 1428, 1431 (1988).

4

motor" and "outboard motor" are not common phrases well known in the community. Travelers implicitly recognizes this fact by providing the definition of those terms, as well as links to Wikipedia articles defining the different motors, in its moving papers. *See* Def.'s Reply at 2, n. 1. The Court finds that judicial notice is inappropriate and therefore denies the current motion.

The Court does recognize that the factual question before it is a simple one, and that the extrinsic evidence strongly suggests that jet skis typically have inboard motors. *See American Family Mut. Ins. Co. v. Hayden*, 2008 WL 4822533, *6-7 (S.D. Ind. 2008) (exclusion for watercraft powered by inboard motors precluded coverage for liability arising out of use of jet ski); *Thomas v. Prudential Prop. & Cas.*, 673 So. 2d 141, 142-143 (Fla. Ct. App. 1996) (same). Indeed, these type of watercraft exclusions appear to be directed, in part, at jet skis. *See* 9 Couch on Insurance § 127:37 ("'Watercraft' exclusions will generally apply to personal watercraft, like jet skis and sailboards").

**In order to prevent the unnecessary expenditure of the parties' time and money, the Court directs defendant to file a motion for summary adjudication concerning the issue of whether Garcia's jet ski had an outboard motor or engine within the meaning of the Policy exclusion at Section II.B.2. Such motion shall be filed no later than September 14, 2012 and set for hearing no later than October 12, 2012.** Discovery is STAYED pending resolution of the anticipated motion, absent further order of the Court.

### CONCLUSION

Travelers' motion is hereby DENIED. Summary proceedings on the issue of the jet ski's motor are set pursuant to the schedule above. The Initial Case Management Conference is continued to Friday, October 12, 2012 at 3:00 p.m.

**IT IS SO ORDERED.**

Dated: August 24, 2012

SUSAN ILLSTON
United States District Judge

5